UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVER JOSUE HERRERA MARIN,

Petitioner,

v.

MATTHEW PUTRA,

Respondent.

Case No. 1:26-cv-2360

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondent to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.8.)

In an Order entered on August 20, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 6.) Respondent filed his response and a recording of the June 18, 2026, bond hearing on August 25, 2026. (Resp., ECF No. 7; Recording of June 18, 2026, Bond Hearing, filed on Aug. 25, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Nicaragua who entered the United States in 2021. (2021 Form I-213, ECF No. 7-1, PageID.44.) On December 25, 2025, deputies with the Collier County Sheriff's Office arrested and charged Petitioner with an alcohol-related driving offense. (2025 Form I-213, ECF No. 7-3, PageID.51.) Petitioner was transferred to ICE custody the same day after posting bond in his pending criminal case. (*Id.*, PageID.52.)

On June 18, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 7-5, PageID.55.) At the conclusion of the June 18, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Respondent is a danger to the community. Respondent has a very recent DUI." (*Id.*)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on June 18, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 2, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge